# Northwestern National Life Insurance Company v. Nellie D. Brooker, Administratrix.

1. INSURANCE POLICY—*when lapsed.* Where the premium upon an insurance policy is due and unpaid at the time of the death of the insured, it is deemed to have lapsed where such policy provides that no liability shall exist on account thereof if the insured dies in default.

Action of assumpsit. Appeal from the Circuit Court of Adams County; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the November term, 1904. Reversed, with finding of facts. Opinion filed April 20, 1905.

BROWN & KERR and VANDEVENTER & WOODS, for appellant.

MATTHEW F. CARROTT, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This suit is by appellee, Nellie D. Brooker, against the appellant insurance company on a policy issued by it upon the life of Albert S. Brooker. The cause was by agreement of parties tried by the court without a jury, and a finding was made for the plaintiff and judgment entered thereon. By the terms of the policy the insured was to pay on or before the first day of each month a premium of $2.50. It is also provided by the policy that the "nonpayment of any premium when due shall forfeit all premiums paid on the policy and terminate the liability of the company thereunder, except as hereinafter provided." The exception above quoted has reference to the following provision in the policy: "This policy may be reinstated, during the life of the insured, at any time within twelve months of the date of lapse, by the payment of all past due premiums, and a fine of ten per cent. per annum on such over-due premiums." The insured retired to his bed on the evening of July 3, 1903, and was found dead in his bed the next day.

The only question for our determination is whether the policy was in force at the time of Brooker's death.

It appears by a letter from the cashier of the company to Brooker of date June 5, 1903, and offered in evidence, that Brooker on the 4th day of June had sent the company a check for $5.02 to pay the over-due premium for May and June, which check was accepted by the company as such payment. Proof was admitted by the court over appellant's objection, that O. W. Brooker also had a policy in appellant company and that he " usually paid his premiums sometime after they were due by the terms of the policy." It is agreed by the parties that on July 17, 1903, appellee sent to appellant $2.50 to pay the premium due July 1st on the policy, and the company refused to accept the money and returned it. It is conceded by appellee that by the terms of the policy it had lapsed or become forfeited at the time of Brooker's death, but it is claimed that by its course of conduct the company waived its right to insist upon payment at the precise time fixed by the policy and is estopped to claim a forfeiture. We are unable to find any proof in the record sustaining this claim. The insured paid the premiums for May and June after they were due by the terms of the policy. He paid $5.02. We conclude the two cents were intended for and accepted as the ten per cent. per annum fine on the over-due premiums as provided by the terms of the policy above quoted. The insured by the terms of the policy had the right to make such payment any time within twelve months after his default in payment. The company in accepting the same was not waiving any provisions of its policy but was conforming thereto and simply doing what the insured had the right to demand of it. As to the proof of receipt of premiums from O. W. Brooker, on his policy after due, the same statement may be made. Whether a so-called fine was exacted from O. W. Brooker does not appear and is of no significance in any event. Whether his delay of payment was one day or one month, whether his fines would amount to one cent or more does not appear. Whatever they were and whether or not they were demanded or paid could avail nothing to the plaintiff in this case. The question of waiver of forfeiture by waiving payment of fines does not

arise here. When the insured failed to pay the premium due July 1st, he knew he could pay it with a trifling fine in addition any time within twelve months and his policy would be again good. He also knew that if he did not pay when due and should die without payment that his policy was absolutely gone, that no payment could be made by anyone after his death which could restore life to it. He was not deceived or misled in any manner by the defendant company. He took the risk voluntarily and with full knowledge. No cause of action was established.

The judgment will be reversed.

*Reversed.*

Finding of facts, to be incorporated in the judgment of the court:

We find that the insured failed to pay the premium due July 1, 1903, and died not having paid such premium, that thereby the policy became void and plaintiff established no cause of action.